(No. 2508— ▮▮▮▮▮▮▮▮▮)

MIKE HANNON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 31, 1935.*

JOE CRAIN, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant seeks an award of Two Thousand Five Hundred Ninety One and 50/100 Dollars ($2,591.50) for permanent disability and medical expenses under the terms of the Workmen's Compensation Act, for accidental injuries arising out of an accident in the course of his employment as Highway Maintenance Workman.

From a stipulation of facts it appears that claimant on April 7, 1934 was riding a road drag while engaged in dirt work on S. B. I. Route 147; that a hitch-chain broke, throwing claimant under the drag, breaking his left ankle and throwing his left knee out of joint. Claimant's foreman took him to a doctor and the accident was duly reported.

A report of the doctor under date of January 7, 1935 states:

"A fragment was broken off the lower end of claimant's left fibula with marked deposit of calcium around the lower end of the tibia and fibula with existent swelling of the left ankle. Foot slightly out of alignment."

In his report of January 7, 1935 Dr. C. D. Nobles states:

"There is a loss of function at the present time of about 33 1/3%."

In a supplemental statement dated January 29, 1935 Dr. Nobles also states:

"We only had reference to the 33 1/3 degree loss of the function of the left ankle * * *"

Claimant was earning Three and 15/100 Dollars ($3.15) per day or Eighteen and 90/100 Dollars ($18.90) per week. At the time of the accident he was the head of a family with three children under the age of sixteen years. He stipulates that he has received from the State of Illinois all expenses on account of medical care and attention and has also received

the sum of One Hundred Five and 33/100 Dollars ($105.35) as compensation. Claimant contends that the permanent injury amounts to 33-1/3% of the loss of the use of the left leg; that he was temporarily totally incapacitated for twenty-one (21) weeks, from April 7, 1934 to September 1, 1934; that he is entitled to:

| | |
|---|---|
| $13.00 per week for the 21 weeks | $273.00 |
| Less $105.35 heretofore received | 105.35 |
| Balance | $167.65 |

that he is entitled to specific permanent disability allowance under *Paragraphs 15 and 17 Sub-section "E" of Section 8 of the Workmen's Compensation Act* as follows:

1/3 of 190 weeks, or 63 1/3 weeks at $13.00 per week....... $823.33

Under the Workmen's Compensation Act the leg is not divided up for the purpose of determining partial loss. There is a provision for the loss of a foot and a different provision for the loss of a leg, but there are no intermediate provisions. In the case of a total loss of a foot by amputation at or immediately above the ankle, we believe the loss should be construed as a loss of the foot and not a loss of the leg. In the present case the facts show that the existing permanent injury is in the ankle at the lower end of the Tibia and Fibula bones of the left leg. The award therefore must be predicated upon *Section 8 (e)—14 of the Workmen's Compensation Act* whereby the total loss of a foot is compensated for at the rate of fifty per cent (50%) of the average weekly wage during 135 weeks. The proof herein shows a 33-1/3% loss of use of the foot and shows three children under the age of sixteen years. The weekly minimum of Seven and 50/100 Dollars ($7.50) is increased to Thirteen Dollars ($13.00) and claimant is entitled to an allowance of Thirteen Dollars ($13.00) per week for forty-five (45) weeks or Five Hundred Eighty-five Dollars ($585.00) for specific permanent disability. To this last sum should be added the balance due for temporary total disability of One Hundred Sixty-seven and 65/100 Dollars ($167.65) making a total of Seven Hundred Fifty-two and 65/100 Dollars ($752.65).

An award is therefore entered in favor of claimant in the sum of Seven Hundred Fifty-two and 65/100 Dollars ($752.65).